WESTERFIELD, Judge.
Cuthbert Pope, for whom the Diamond Cabs, Inc., was subsequently substituted as party plaintiff, brought this suit against Toye Bros. Yellow Cab Company alleging that because of the negligent operation of the defendant’s cab, a collision occurred with plaintiff’s Plymouth Sedan with the result that it was damaged to the extent of $269, for which amount judgment is prayed for.
The defendant denied all charges of negligence imputed to its driver and averred that the accident was due entirely to the negligence of -the driver of the Plymouth Sedan, and, in the alternative, pleaded contributory negligence.
There was judgment below in plaintiff’s favor as prayed for and defendant has appealed.
The accident occurred on the night of October 7, 194’5, on St. Claude Avenue near Spain Street, in the City of New Orleans, at about 10:45 p. ni. The Plymouth Sedan, driven by Kenneth Rhems, plaintiff’s employee, was approaching Spain Street when two individuals on the neutral ground attempted to hail him. Rhems noticed their signal, crossed Spain Street and brought his cab to a stop about 50 feet beyond the intersection when it was struck in the rear by the Yellow Cab. Plaintiff’s petition alleges that the accident occurred when its cab had stopped along the righthand curb of St. Claude Avenue at about 50 feet from the corner of Spain Street. Rhems, however, testified that he did not stop along the curb, but adjacent to and five feet from a parked automobile which would place him about 10 feet from the curb.
Defendant’s version of the accident is to the effect that plaintiff’s cab, in response to a signal from the prospective passengers, was stopped suddenly, without any warning, with its left side next to the neutral ground of St. Claude Avenue (St. Claude is a wide Avenue with a neutral ground in the center), and that in an ineffectual effort to avoid contact with it, the driver of the Yellow Cab,* who had been following the Diamond Cab for several blocks, swerved to the right striking the Diamond Cab in its right rear end with the left front fender of the Yellow Cab.
The negligence imputed to the driver of the Diamond Cab is, in addition to general reckless and careless operation of the automobile, the creating of an emergency by coming to a sudden stop in violation of the traffic ordinance, whereas the plaintiff contends that the driver of the Yellow Cab was at fault in failing to keep a proper lookout, in striking a parked vehicle and in failing to have his car under proper control. •
As pointed out, the position of the colliding vehicles at the time of the collision is in dispute, the plaintiff having given two contradictory versions and the defendant another. However, in view of the admitted *252 point of contact of the two vehicles, that is to say, the right rear of the Diamond Cab and the left front fender of the Yellow Cab, it is apparent that the accident could not have occurred while the Diamond Cab was parked next to the righthand curb of St. Claude Avenue, as is alleged in the petition, because there was not room for the Yellow Cab’s left fender to strike the right rear of the Diamond Cab without mounting the curb, which no one contends occurred; nor is it likely that it happened as claimed by plaintiff’s driver when on the witness stand, who said that his car was motionless and about 10 feet from the curb. We are of opinion that the collision occurred near the neutral ground as claimed by defendant’s driver, this being the more reasonable conclusion from the point of contact of the two vehicles. We are also of opinion that the driver of the Diamond Cab was at fault in bringing his car to a sudden stop on the lefthand side of the roadway, adjacent to the neutral ground, and in failing to give any warning signal, his action evidently being occasioned by the signal of the prospective passengers. Rhems admitted that he stopped because he was hailed, however, he should not have stopped near the neutral ground and if he had intended to stop at a proper place he should have given the proper warning signal. When asked concerning the warning, he responded that he could not remember whether he gave it or not. Rhems was guilty, therefore, of violating the following provisions of the traffic ordinance:
Art. 8, Section 13(a) “Except when necessary in obedience to traffic regulations or traffic signs or signals, the operator of a vehicle shall not park such vehicle in a roadway other than parallel with, the edge of the roadway, or curb headed in the direction of traffic, and with the curbside wheels of the vehicle within six inches of the edge of the roadway.”
Art. 6, Section 1(d) “Signalling on stopping, slowing or turning — An operator intending to slow down or stop his vehicle shall extend his left arm downward.”
Assuming, therefore, that the defendant’s dr ver was negligent in the respect claimed Iv the plaintiff, it is of no moment since we have reached the conclusion that plaintiff's driver was guilty of contributory negligence which bars recovery.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff’s suit at its cost.
Reversed.